PER CURIAM
Claimant seeks to recover $2,253.71 for structural damage to the bridge located on his residential property at 3980 Main Hewett Creek in Logan County.[23] The claim was heard on lune 10, 2010, after which this matter was taken under advisement. The Court has reviewed the entire record in this action, including the transcript of the hearing, and is of the opinion that the claim should be denied.
Claimant has a private bridge which crosses from State Route 7 over Hewett Creek and onto his property in order to access his residence. State Route 7, a primary two-lane road, runs parallel to Hewett Creek for approximately three or four miles. An eight-inch gas main stretches across Hewett Creek at an angle and is located upstream from the Claimant’s property. The gas main extends from the Ison Bridge past the Claimant’s bridge, where it then extends under the road.
Kathleen Ragan, who has resided with the Claimant on the property since 2006, testified that, in her opinion, Respondent is responsible for the structural damage to the bridge on the Claimant’s property. She stated that in August of2005, the Respondent, during its mowing activities, cut brush from the creek bank on State Route 7 and negligently discarded debris into Hewett Creek. Ms. Ragan contends that the debris accumulated along the gas main on Hewett Creek, and diverted the water. She further asserts that the water washed out the creek bank at the location of the Claimant’s bridge, and the bridge’s pillars were damaged as a result of the erosion.
Ms. Ragan testified that the erosion that occurred at the pillars of the Claimant’s bridge was also the result of a flood event in May of 2006. Prior to the flood event, the creek bank covered a portion of the bridge’s square pillars. Although Ms. Ragan was not present during the flood event in May of2006, she stated that she visited the property the weekend after the flood, and she noticed that the water had risen to the top of the Claimant’s bridge. She observed that the pillars had further shifted away from the bank, and the bridge’s pillars had weakened due to the lack of support from the creek bank.
Ms. Ragan also testified that the Claimant has had problems with small amounts of debris accumulating at the gas main in Flewett Creek whenever the water rises due to a rain event. Ms. Ragan stated that the build-up of debris has been a continuous problem.
Troy Belcher, Supervisor One for Respondent, testified that Respondent is not responsible for the accumulation of debris at this location. He testified that Respondent’s crews perform mowing activities twice a year on State Route 7. Fie stated that Respondent’s crews never discard debris into the creek. Large debris is *169 chopped into finer pieces. He stated that the type of brush that accumulated at the gas pipe was not the same type of brush generated from Respondent’s mowing activities. He observed that garbage, paper, and other objects have collected at the gas main.
Ronnie Stollings testified that he is currently the Superivsor One Crew Leader for Respondent in Logan County. During the summer of 2005 and spring of 2006, he was an Equipment Operator Three and operated the mower along State Route 7.[24] Mr. Stollings stated that he never discarded brush into the creek. If he came across larger brush, he would mow it into smaller pieces and lay it on the creek bank. He stated that it is not Respondent’s responsibility to collect naturally occurring debris on the creek bank. He testified that seventy-percent of the debris in this area is naturally occurring debris or man-made debris. He stated that the only way that debris from Respondent’s mowing activities could have entered the creek is if the water rose and washed the debris off of the bank.
Kevin Quinlan, Investigator for Respondent’s Legal Division, assisted in the investigation of this matter. Prior to working for Respondent, Mr. Quinlan was a member of the the West Virginia State Police and was assigned numerous duties including working on flood details. He was also trained as an underwater scuba search and rescue diver. In his experience, a creek will carry debris downstream from the hill side to the creek’s lowest point. He stated that if debris is left on the creek bank and the level of water in the creek rises, the water will carry the debris downstream.
In order for the Claimant to receive an award in this claim, the Claimant must establish that Respondent is legally responsible for the accumulation of debris on the gas main in Hewett Creek, which the Claimant alleges diverted the water and washed out the creek bank. The Claimant has failed to meet this burden. There is no credible evidence that the brush left on the side of the creek bank during Respondent’s mowing activities was the proximate cause of the damage to the Claimant’s bridge. It is unclear to the Court what caused the erosion at this location. The Court finds that a rain event could have been responsible for washing out the creek bank irrespective of the debris at this location. Since the Court cannot engage in speculation in determining what caused the damage to the Claimant’s bridge, the Court finds that there is insufficient evidence of negligence on the part of Respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law as stated herein, the Court is of the opinion to and does deny this claim.
Claim disallowed.

The Claimant has resided at this location for forty-four years. He acquired the property from his parents in 2002.

The DOH 12s, records of Respondent’s daily work activities, indicate that Mr. Stollings had mowed on State Route 7 on August 2, 2005; August 3, 2005; August 4, 2005; August 10, 2005; August 11, 2005; August 23, 2005; August 24, 2005; August 25, 2005; September 6, 2005; and September 8, 2005.